# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER SINGH TUNG,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT DOYLE, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:08-cv-00457-OWW-GBC PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 17)<br><br>THIRTY-DAY DEADLINE |

### I.     Screening Requirement

Plaintiff Balwinder Singh Tung ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on March 31, 2008. (Doc. 1.) Currently before the Court is the first amended complaint, filed February 26, 2009. (Doc. 17.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff alleges that his parole hearings on May 3, 2001; November 25, 2002; April 21, 2004; August 14, 2006; and September 8, 2008, were held after the date required and therefore the parole boards did not have jurisdiction. (Doc. 17, Amend. Comp., pp. 8:3-11:25.)

Additionally, Plaintiff alleges that he has been the victim of seven assaults since May 13, 2001. (Id., p. 12:1-3.) Plaintiff was attacked on May 14, 2007, while he was housed at Avenal State Prison ("ASP"); on or about March 4, 2006, at Chuckawalla Valley State Prison ("CVSP"); May 4, 2005, at Soledad Correctional Training Facility ("SCTF") in which he suffered a fractured rib; on May 18 and April 9, 2004, at ASP in which he suffered a fracture of the mandible; on July 7, 2002, at Folsom State Prison ("FSP") in which Plaintiff had displacement of the temporomandibular joint; and on May 13, 2001, at California State Prison, Solano ("CSPS"). (Id., p. 12:4-13:18.)

On May 14, 2007, at approximately 2:10 p.m., Plaintiff was attacked from behind while he was opening up his assigned locker. (Id., 14:4-6.) An unknown person struck Plaintiff numerous times causing him to bleed profusely and scream in pain. (Id., 14:11-15.) On the same day, while

Plaintiff was in the sergeant's office his property was stolen. (Id., 14:21-27.) Defendant Hartley and his staff failed to discover who attacked Plaintiff and stole his property. (Id., 15:1-4.)

Plaintiff names Defendants Robert Doyle, Chairman of the California Board of Parole Hearings, and staff; Matthew L. Cate, Secretary of California Department of Corrections and Rehabilitation ("CDCR") and staff; J. W. Haviland, Warden of CSPS, and staff; James D. Hartley, Warden ASP, and staff; A.P. Kane, Warden of SCTF, and staff; D. K. Butler, Warden of FSP, and staff; J.F. Salazar, Warden at CVSP, and staff; Daniel E. Lundgren, California Attorney General, and staff; Larry D. Morse, II, Merced County District Attorney, and staff; Arnold Schwarzenegger, Governor of California, and staff; all successors and predecessors in interest; and Does one through infinity. (Id., pp. 6:7-7:14.) Plaintiff is requesting monetary damages and injunctive and declaratory relief, that the parole hearings were held without jurisdiction and are void and invalid, and immediate release. (Id., pp. 27:12-28:28.)

<u>First Cause of Action</u>

Plaintiff alleges Defendants Doyle, Cate, Haviland, Hartley, Kane, Butler, Salazar, Lungren, Morse, and Schwarzenegger violated his procedural due process rights, the cruel and unusual punishment clause, the ex-post-facto clause, state statutes, and CDCR regulations by subjecting him to late parole hearings, causing him to be unlawfully detained since August 28, 2000. (Id., pp. 16:4-7, 18-28; 21:22-24.) He is seeking ten billion dollars and immediate release from custody. (Id., p. 22:18-28.)

<u>Second Cause of Action</u>

Plaintiff alleges the negligence of Defendants, by housing two to three inmates to a cell, has caused him to be assaulted numerous times. (Id., pp. 23:26-24:19.) Additionally, Plaintiff has been injured from assaults due to Defendants' failure to protect him. (Id., pp. 24:21-25:2.)

<u>Third Cause of Action</u>

Plaintiff alleges that Defendants' failed to provide him with an adequate and appropriate diabetic diet in an attempt to poison him, causing damage to his physical health. (Id., p. 26:27-27:7.)

///

///

### III. Discussion

#### A. First Cause of Action

Plaintiff alleges that he has been unlawfully detained since August 28, 2000, due to his parole hearings not being held on the date required.[1] When a prisoner is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Plaintiff is clearly challenging the legality or duration of his custody. Plaintiff alleges he has been denied timely parole hearings and is being illegally held in custody. Since the success in this action would necessarily demonstrate the invalidity of his confinement or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus. Plaintiff has failed to state a cognize claim for a violation of his constitutional rights in the first cause of action.

#### B. Second Cause of Action

##### 1. Eighth Amendment

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted).

---

[1] It appears that Plaintiff is litigating these same claims filed as a habeas petition in case 1:10-cv-00461-AWI-JLT.

4

**2.    Overcrowding**

Plaintiff alleges that he has suffered numerous assaults while in prison due to the double or triple celling of inmates. Allegations of overcrowding alone are insufficient to state a cognizable claim for a violation of the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam). However, where overcrowding causes an increase in violence or reduces other constitutionally required services it may rise to a constitutional violation. Balla v. Idaho State Bd. Of Corr., 869 F.2d 461, 471 (9th Cir. 1989).

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff does not set forth any facts to indicate how overcrowding has caused him to be assaulted. Nor does he link any named defendant to any act or failure to act that caused him to be harmed. Although Plaintiff states he has been attacked multiple times, his conclusionary statements that overcrowding has caused him to be assaulted are insufficient to state a cognizable claim.

**C.    Third Cause of Action**

Plaintiff's allegations that Defendants failed to provide him with an adequate and appropriate diabetic diet are insufficient to state a cognizable claim. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

5

1    Deliberate indifference is shown where there was "a purposeful act or failure to respond to
2  a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.
3  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.
4  2004). The prison official must be aware of facts from which he could make an inference that "a
5  substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511
6  U.S. 825, 837 (1994).

7    Plaintiff's allegations are insufficient to show that Defendants were aware of and knowing
8  acted to deny him an appropriate diet. Defendants may not be held liable for the actions of their
9  subordinates under a theory of *respondeat superior*, so Plaintiff must set forth facts to show that each
10 individual defendant violated the Constitution through his own actions. Iqbal, 129 S. Ct. at 1948.

11    **D.    Rule 18**

12    Further, Plaintiff may not pursue multiple, unrelated claims against defendants from different
13 institutions in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a
14 claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims,
15 as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims
16 against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated
17 Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits,
18 not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also
19 to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3
20 the number of frivolous suits or appeals that any prisoner may file without prepayment of the
21 required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff
22 will not be permitted to proceed with a "mishmash of a complaint." (Id.) If the amended complaint
23 fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss
24 out all unrelated claims.

25    Plaintiff is attempting to state claims against multiple parties at different prisons that are
26 unrelated and cannot be brought in the same action. Plaintiff needs to choose which claim he wants
27 to proceed on in this suit and amend his complaint to state only allegations that apply to that claim.
28 ///

IV. **Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed February 26, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     November 10, 2010

_____
UNITED STATES MAGISTRATE JUDGE