# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BALWINDER SINGH TUNG,

    Plaintiff,

v.

ROBERT DOYLE, et al.,

    Defendants.

                                        /

CASE NO. 1:08-cv-00457-OWW-GBC PC

ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

(Doc. 24)

THIRTY-DAY DEADLINE

## I. Screening Requirement

Plaintiff Balwinder Singh Tung ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on March 31, 2008. (Doc. 1.) Currently before the Court is the second amended complaint, filed December 7, 2010. (Doc. 24.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.      Complaint Allegations**

Plaintiff's complaint is thirty pages long and contains legal argument and case citations. Plaintiff names Defendants James Hartley, Warden Avenal State Prison, and staff; Matthew L. Cate, Secretary of California Department of Corrections and Rehabilitation and staff; Robert Doyle, Chairman of the California Board of Parole Hearings, and staff; Arnold Schwarzenegger, Governor of California, and staff; Daniel E. Lundgren, California Attorney General, and staff; Larry D. Morse, II, Merced County District Attorney, and staff; and prison wardens and staff at California State Prison - Solano, California Treatment Facility - Soledad, Folsom State Prison, Chuckawalla Valley State Prison; all successors and predecessors in interest; and Does one through infinity. (Doc. 24, § III.) Plaintiff is requesting eleven billion dollars, compensatory, punitive and exemplary damages, and injunctive and declaratory relief, and a finding that the parole hearings were held without jurisdiction and are void and invalid, immediate release, and that the actions of Defendants are criminal in nature. (Id., pp. 27-30.)

///

First Cause of Action

Plaintiff alleges he has been unlawfully detained since his calculated parole release date of August 28, 2001, due to the parole hearing not being held on August 28, 2000, which caused the board to lose jurisdiction. (Doc. 24, pp. 4-15.)

Second Cause of Action

Plaintiff claims that the "unconstitutional, uncon[s]cionable, outrageous overcrowding" has caused him to suffer cruel and unusual punishment because the stagnant and filthy air has caused him to develop pleuropneumonia. (Id., p. 16:7-14.) Additionally, Plaintiff details seven incidents, occurring at different prisons, where he was assaulted by inmates. In 2001, while Plaintiff was sleeping in his cell, his cellmate attacked him. Plaintiff alleges that if Defendants had not had two inmates in the cell, which was 21 square feet, he would not have been attacked. (Id., § 28.)

In 2002, Plaintiff was attacked and Defendants allegedly did nothing to prevent it, even though they had been informed of the risk before the assault occurred. (Id., § 29.) In 2004 and 2007, Plaintiff was assaulted due to "the unbearable overcrowding" after Plaintiff informed officials of the risk and requested he be moved. (Id., § 30.) In 2005, a guard told Plaintiff and his cellmate to unblock a vent or they would be charged with a rule violation. Plaintiff told his cellmate to unblock the vent and the cellmate attacked him. Plaintiff claims Defendants are responsible because the two inmates were housed in a fifty to sixty square foot cell. (Id., § 31.) In 2006, Plaintiff was attacked by an inmate who was unknown to him. (Id., § 32.)

Third Cause of Action

Plaintiff alleges that Defendants failed to provide a healthy diet which caused his diabetes, high cholesterol and triglycerides, and acid reflux. (Id., § 42.) After being diagnosed with diabetes, Defendants subjected him to unhealthy meals by providing "syrup, fruit jelly, candies and ice cream, etc." (Id., § 44.)

**III. Discussion**

    **A.   First Cause of Action**

Plaintiff alleges that he has been unlawfully detained since August 28, 2000, due to his parole

hearings not being held on the date required.[1] Plaintiff is not alleging that he has been denied release without hearings, as his first amended complaint stated that his parole hearings on May 3, 2001; November 25, 2002; April 21, 2004; August 14, 2006; and September 8, 2008, were held after the date required and therefore the parole boards did not have jurisdiction. (Doc. 17, Amend. Comp., pp. 8:3-11:25.) As Plaintiff was informed in the order issued on November 10, 2010, he is clearly seeking an order for his immediate release from custody and his sole remedy is a writ of habeas corpus. Plaintiff may not allege this cause of action in his third amended complaint.

### B. Second Cause of Action

#### 1. Eighth Amendment

Despite being provided with the legal standard necessary to state a claim, Plaintiff does not set forth any facts to indicate how overcrowding has caused him to be assaulted or caused his illness. To the extent that Plaintiff attempts to bring suit against officials in their official capacity, it is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." (Id.) (quoting Kentucky v. Graham, 105 S. C. 3099, 3106 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 498 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713.

The facts as alleged do not indicate that any named Defendant was aware of a substantial risk of serious harm to Plaintiff, nor is any named defendant linked to any act or failure to act that caused Plaintiff to be harmed, Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010); Iqbal, 129 S. Ct. at 1948. Plaintiff has failed to state a cognizable claim.

---

[1] It appears that Plaintiff is litigating these same claims filed as a habeas petition in case 1:10-cv-00461-AWI-JLT.

4

### C. Third Cause of Action

Plaintiff's allegations that Defendants provided him with food items that were unhealthful to a diabetic are insufficient to state a cognizable claim. Nothing in the facts indicates that any named Defendant was aware of any significant risk of harm to Plaintiff. Thomas, 611 F.3d at 1150. Plaintiff's allegations are insufficient to show that Defendants were aware of and knowing acted to deny him an appropriate diet. Assuming that the items offered would be harmful to Plaintiff, Defendants may not be held liable for the actions of their subordinates under a theory of *respondeat superior*, so Plaintiff must set forth facts to show that each individual defendant violated the Constitution through his own actions. Iqbal, 129 S. Ct. at 1948.

### D. Rule 18

Further, Plaintiff has already been advised that he may not pursue multiple, unrelated claims against defendants from different institutions in this action. Plaintiff is again attempting to state claims against multiple parties at different prisons that are unrelated and cannot be brought in the same action. Plaintiff needs to choose which claim he wants to proceed on in this suit and amend his complaint to state only allegations that apply to that claim.

### E. Amended Complaint

Plaintiff will be given one final leave to file a third amended complaint to cure the deficiencies in Counts Two and Three of the second amended complaint. Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's third amended complaint being stricken from the record. Plaintiff is further warned that continued failure to take meaningful steps to obey the Court's orders may result in this action being dismissed for failure to obey a court order. See Local Rule 110. Plaintiff is referred to the screening order, issued on November 10, 2010, for the legal standards that apply to his claims.

In his third amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. (See Form Complaint, § IV, enclosed with this order.) Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are.

Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights. Where Plaintiff has named "infinity" defendants, his statement that Defendants have violated his rights is not sufficient to identify any individual. Additionally, the Court will not allow Plaintiff to proceed on a "mishmash of a complaint" by naming "infinity" Defendants. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, given that Plaintiff's claims arising from his being detained beyond the date of his calculated parole release date of August 28, 2001, may not be brought in this action and that Plaintiff must comply with Rule 18(a), twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, if Plaintiff chooses to amend the complaint, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All

causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 7, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint;
   a. Plaintiff's third amended complaint may not exceed twenty five pages in length;
   b. Plaintiff's third amended complaint shall not contain any legal argument or case citations;
   c. Plaintiff's third amended complaint shall not include allegations regarding the parole boards failure to release Plaintiff on August 28, 2001; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 14, 2010

UNITED STATES MAGISTRATE JUDGE