**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER SINGH TUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT DOYLE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00457-OWW-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN DEFENDANTS AND CLAIMS<br><br>(Doc. 26)<br><br>THIRTY-DAY DEADLINE |

**I.　Screening Requirement**

　　Plaintiff Balwinder Singh Tung ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 14, 2010, the Court screened the second amended complaint and it was dismissed, with leave to amend, for failure to state a claim. (Doc. 25.) Currently pending before the Court is the third amended complaint, filed January 20, 2011. (Doc. 26.)

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

　　In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

1  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
2  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it
3  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
4  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
5  (2007)).

6  Under section 1983, Plaintiff must demonstrate that each defendant personally participated
7  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
8  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
9  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
10 pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
11 between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
12 Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
13 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
14 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
15 conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

16 **II.    Complaint Allegations**

17 Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and
18 is currently housed at Avenal State Prison. Plaintiff alleges that he is subjected to inhumane
19 conditions due to the policy and custom of allowing the prison population to be at 200 percent of
20 capacity. (Doc. 26, p. 6.) Defendants house inmates two to three to a cell which has subjected
21 Plaintiff to an increased risk of violence. (Id., pp. 6-7.) Defendants "are either policy makers or
22 enforcers and/or have/had final authority to approve or disapprove" the policies. (Id., p. 7.)

23 First Cause of Action

24 The policy of housing inmates above capacity has caused the air to be toxic to breathe
25 without developing a fatal illness and Defendants have failed to prevent a "pattern of blizzardous
26 [sic] assaults. (Id.) Plaintiff is being housed in a cell with two other inmates. The bunks have
27 approximately two and one half to three feet of space between them. There is a partitioning wall
28 between the bunks and the toilet. Plaintiff alleges he is provided with eighteen to twenty one square

feet of space, filthy air, and a wretched environment that is highly unsafe, causing his life expectancy to be diminished by twenty years, subjecting him to cruel and unusual punishment. Plaintiff alleges that he has suffered from shortness of breath, bronchopneumonia, pleuropneumonia, pleurisy, parasitic, bacterial, viral, and fungal diseases and has diminished immunity due to being exposed to the "highly obnoxious environment" for over a decade. (Id., p. 8.)

   Second and Third Cause of Action

  Plaintiff alleges that he has not been provided an adequate diabetic diet and as a result developed cardiac, digestive, pulmonary, and other diseases. (Id., p. 9.) The meals provided include syrup, jelly, candies, ice cream, etc., which are poison to Plaintiff since he is diabetic. (Id., p. 10.) Plaintiff has developed problems with his feet, which could lead to other medical conditions. (Id., p. 11.) The policy of providing an inadequate diet is "conscious, intentional, malicious, wanton, retaliatory and conspired with deliberate indifference." (Id., p. 13.)

   Fourth Cause of Action

  Plaintiff has been a victim of seven prisoner assaults due to the policies or customs established by Defendants. On May 14, 2007, Plaintiff was assaulted and had his personal property stolen. (Id., p. 14.) On March 4 and May 4, 2006, Plaintiff was assaulted. (Id., pp. 14, 15.) On April 9, 2004 and May 18, 2004, Plaintiff was assaulted causing injuries. On July 7, 2002 and May 13, 2001, Plaintiff was assaulted. The policy of allowing overcrowding approved by Defendants excessively increased the probability of assaults. (Id., p. 15.) If Plaintiff had been released on his calculated parole date, which has long past, he would not have been subject to at least six of the assaults. Defendant Schwarzenegger has the power to commute the sentences of prisoners who do not have calculated parole dates. During the nineteen years that Plaintiff has been incarcerated "multimillion inmate(s) had been released without any hearing(s)." (Id., p. 16.)

  Plaintiff brings this suit naming Defendants Arnold Schwarzenegger, Matthew L. Cate, and "Does One through an unknown number" in their individual and official capacities for deliberate indifference in violation of the Eighth Amendment. (Id., pp. 1-2, 4.) Plaintiff is seeking compensatory, punitive, and injunctive relief, including immediate release of Plaintiff. (Id., pp. 19-20.) Plaintiff also requests appointment of counsel. (Id., p. 21.)

For the reasons set forth below, Plaintiff has stated a claim for relief against Defendants Schwarzenegger and Cate in his first cause of action, but has failed to state a cognizable claim against any other defendant or in any other cause of action. Plaintiff has been given two opportunities to file an amended complaint, with guidance from the Court. The Court will recommend that this action proceed against Defendant Schwarzenegger and Cate on the allegations in the first cause of action and all other defendants and causes of actions be dismissed for failure to state a claim.

### III. Discussion

#### A. Respondent Superior

Plaintiff brings this action alleging Defendants are liable under a theory of *respondeat superior*. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

#### B. First Cause of Action

##### 1. Official Capacity

A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." (Id.) (quoting Kentucky v. Graham, 105 S. C. 3099, 3106 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 498 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation

4

resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713. Liability for failure to act requires that Plaintiff show that the "employee violated the plaintiff's constitutional rights;" the agency "has customs or policies that amount to deliberate indifference;" and "these customs or policies were the moving force behind the employee's violation of constitutional rights." Long, 442 F.3d at 1186. Plaintiff's allegations that Defendants Schwarzeneggar and Cate approved policies that led to him developing lung diseases is sufficient to state a cognizable official capacity claim. However the allegations fail to state a claim against any other defendant.

### 2. Individual Capacity

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

Plaintiff's allegations fail to show that Defendants were aware of a substantial risk of harm to Plaintiff and acted or failed to act in response. Farmer, 511 U.S. at 847. Therefore Plaintiff has failed to state a cognizable claim against Defendants in their individual capacity.

### C. Second and Third Cause of Action

Plaintiff's allegations fail to show that Defendant Schwarzenegger, the Governor of the State of California, or Defendant Cate, the Director of Prisons, established policies regarding the diet that he received while incarcerated and, therefore, has failed to link Defendants to a violation of his rights. Iqbal, 129 S. Ct. at 1948. Plaintiff's complaint that he required a special diet for his health conditions would be a medical issue. To state a cognizable claim Plaintiff would be required to

show that the defendants had knowledge of a serious medical condition and failed to act in response. Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096). The complaint fails to state a cognizable claim for deliberate indifference to his dietary needs in violation of the Eighth Amendment.

### D. Fourth Cause of Action

Plaintiff alleges that due to overcrowding Defendants have failed to protect him from inmate assaults. Allegations of overcrowding alone are insufficient to state a constitutional violation. Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Balla v. Idaho State Board of Corrections, 869 F.2d 461, 471 (9th Cir. 1989). Plaintiff alleges that he has been physically assaulted seven times since 2001. The fact that Plaintiff has been assaulted numerous times, between 2001 and 2007, fails to state a plausible claim that the cause of the assaults is the overcrowded conditions at the prison. While Plaintiff does describe his current living conditions, he fails to describe the conditions that existed at the institutions he was incarcerated in at the time he was assaulted, nor does Plaintiff state facts demonstrating how overcrowding caused him to be assaulted. While overcrowding may violate the constitution when it causes an increase in violence or reduces the availability of other constitutionally required services, Balla, 869 F.2d at 471; Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987), Plaintiff's conclusory allegation that the policy of the prison resulted in his being assaulted fails to state a cognizable claim.

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). To establish a violation of this duty, the inmate must establish that prison officials were "deliberately indifferent" to serious threats to the inmates safety. See Farmer, 511 U.S. at 834. This requires that Plaintiff allege Defendants were aware of the danger that he would be attached or should have made the inference. Although Plaintiff states that Defendants should have known he sets forth no facts to indicate how Defendants should have known that he was at a risk of being physically attacked. Plaintiff does not allege any facts that would state a plausible claim that Defendants were aware that Plaintiff was at a risk of being physically attacked by other inmates.

### E. **Retaliation**

Plaintiff alleges that the policy adopted by Defendants was retaliatory. A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). However, Plaintiff is not alleging that he engaged in any protected conduct, that Defendants acted because of some protected conduct, and that the actions taken by Defendants did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Therefore, Plaintiff has failed to state a cognizable claim for retaliation.

### F. **Injunctive Relief**

Plaintiff requests an injunction requiring CDCR to immediately stop providing unhealthy and inadequate meals, provide him an adequate diabetic diet, provide single bunk or single cell housing, and release Plaintiff from custody. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff has failed to state a cognizable claim that his rights are being violated due to overcrowding at the prison because he is double celled and has been assaulted, and the Court is limited to relief to correct a constitutional violation. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149-50 (2009) (citation omitted) Price v. City of Stockton, 390 F.3d 1105, 1112 (9th Cir. 2004). Accordingly, Plaintiff's requests for a Court order that he be provided with adequate meals and be housed in a single cell are not cognizable. Additionally, Plaintiff's request that he be immediately released from custody would be relief that would extend further than necessary to correct the constitutional violation and is not available in this action. To the extent that Plaintiff is attempting to be released due to being confined beyond his calculated parole date his sole remedy would lie in a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74,

81-82 (2005); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

## G. Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

## IV. Conclusion and Recommendations

Plaintiff's third amended complaint sets forth a cognizable claim against Defendants Schwarzenegger and Cate for adopting policies that violated the Eighth Amendment while acting in their official capacity, but does not state any other claims for relief under section 1983. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's third amended complaint, filed January 20, 2011, against Schwarzenegger and Cate for adopting policies that violated the Eighth Amendment while acting in their official capacity;

2. Any remaining claims be dismissed, with prejudice, for failure to state a claim under section 1983; and

3. Doe Defendants be dismissed, with prejudice, based upon Plaintiff's failure to state a cognizable claim against them.

     These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

Dated:   January 26, 2011

UNITED STATES MAGISTRATE JUDGE