# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER SINGH TUNG, | CASE NO. 1:08-cv-00457-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| JAMES HARTLEY, et al., | |
| | Doc. 36 |
| Defendants. | |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History**

On March 31, 2008, Plaintiff Balwinder Singh Tung ("Plaintiff"), a state prisoner proceeding in forma pauperis and represented by retained counsel, Marc E. Grossman, Esq., filed this civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2011, the Court adopted findings and recommendations that Plaintiff's third amended complaint proceed on his cognizable claims against Defendants Governor Schwarzenegger and Secretary Cate of the California Department of Corrections and Rehabilitation ("Defendants") for Eighth Amendment deliberate indifference to health and cruel and unusual punishment, due to Defendants' policy of housing prisoners in buildings that exceeded 100 percent of their design capacity, and that this resulted in "dirty air" that caused him to have pneumonia and other lung diseases and problems. Docs. 27 & 29.

On April 14, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 32. On October 12, 2011, Defendants filed a motion to dismiss for failure to exhaust administrative remedies. Doc. 36. On December 8, 2011, Plaintiff filed an opposition to Defendants' motion to dismiss. Doc. 42. On December 13, 2011, Defendants filed a reply to Plaintiff's opposition. Doc. 43.

## II. Motion to Dismiss for Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 435 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15,

§§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

Non-exhaustion under § 1997e(a) is an affirmative defense, which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

Plaintiff did not file a grievance regarding his allegations that prison overcrowding caused him to have pneumonia and other lung diseases and problems. *See* 3d Am. Compl. at 2, Doc. 26; 2d Am. Compl. at 2, Doc. 24; Compl. at 2, Doc. 1. Plaintiff alleges that he is exempt from the requirements of exhaustion because he would be unable to obtain money damages through the prison grievance system. *See id.*; *see also* Pl. Opp'n at 3, Doc. 42.

Exhaustion is a prerequisite to suit even if the relief sought by an inmate, notably money damages, is not available in the administrative process. *Porter*, 534 U.S. at 524; *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). However, in addition to damages, Plaintiff also seeks an injunction ordering that he be placed in a single cell or bunk, as a remedy for the harm to his health

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

1  caused by being housed in a cell or dorm with other inmates. Pl. Opp'n at 4, Doc. 42.

2      In Plaintiff's opposition, he contends that he did submit inmate appeals and attached copies of inmate appeals in support of his argument. *See* Pl. Opp'n, Doc. 42. However, the inmate appeals Plaintiff attached refer to complaints regarding his diabetic needs and property loss claims. *See id.* None of these appeals involve a complaint that Defendants subjected Plaintiff to prison overcrowding, which caused him to have pneumonia and other lung diseases and problems.

    For purposes of the PLRA's exhaustion requirement, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin*, 557 F.3d at 1120. Ultimately, a grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Id.* at 1121. Plaintiff's appeals regarding his diabetic needs and property loss claims did not alert the prison officials of the pending claims in this civil action, pursuant to *Griffin* and the PLRA.

    In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies is necessary." *Id.* at 84. While the Supreme Court recognized that this may be harsh, it noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

    There is no record before this Court that Plaintiff filed a grievance with respect to his allegations that prison overcrowding caused him to have pneumonia and other lung diseases and problems. Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

//
//
//

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants motion to dismiss, filed October 12, 2011, is GRANTED;
2. This action is DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a); and
3. The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 7, 2012

UNITED STATES MAGISTRATE JUDGE